UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD H. HAMBY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>POWER TOYOTA IRVINE, a business entity form unknown; and DOES 1 through 75, inclusive,<br><br>　　　　　　　　　　　　　Defendants. | Civil No.　11-CV-544-BTM (BGS)<br><br>**SCHEDULING ORDER IN RE SCOPE OF UNCONSCIONABILITY DISCOVERY & MOTION TO COMPEL ARBITRATION** |

On July 18, 2011, District Court Judge Moskowitz granted Plaintiff's ex parte motion for discovery and stay of Defendant's motion to compel arbitration. (Doc. No. 25.) The Court ordered that "Plaintiff may conduct discovery on the issue of unconscionability." (*Id.* at 2.) Judge Moskowitz referred the parties to Magistrate Judge Skomal to decide the scope of discovery and all applicable deadlines. (*Id.* at 2.) On August 22, 2011, the Court held a telephonic Case Management Conference with counsel for Plaintiffs and Defendant to discuss the scope and timeline of the limited discovery. The parties retain the right to object to discovery served, but the Court will allow discovery[1] as follows:

　　　1. Plaintiffs may serve written discovery on the following areas:

　　　　　a.　　The issue of procedural unconscionability;

---

[1] Unless otherwise noted, the discovery to be propounded may only encompass the time period of February 16, 2009 to the present.

1          b.      Plaintiffs' proposal No. 1 in the parties' joint statement regarding
2  discovery
3  (Doc. No. 29 at 8, ¶1);
4          c.      Plaintiffs' proposal No. 2 in the parties' joint statement regarding discovery
5  (Doc. No. 29 at 9, ¶2);
6          d.      To the extent it is in Defendant's possession, custody, or control, Plaintiffs'
7  proposal No. 3 in the parties' joint statement regarding discovery (Doc. No. 29 at 9, ¶3) relating to
8  the two specifically identified arbitrators in the agreement, NAF and AAA;
9          e.      To the extent it is in Defendant's possession, custody, or control, the costs
10  of prior individual arbitration as identified in Plaintiffs' proposal No. 4 in the parties' joint statement
11  regarding discovery (Doc. No. 29 at 9, ¶4);
12          f.      To the extent it is in Defendant's possession, custody, or control, prior
13  individual arbitration results against Defendant as identified in Plaintiffs' proposal No. 4 in the
14  parties' joint statement regarding discovery (Doc. No. 29 at 9, ¶4). The parties are to meet and confer
15  regarding any issues on burden and privacy objections;
16          g.      The case names and numbers of Defendant's prior attempts to compel
17  arbitration where the arbitration clause has been found unconscionable;
18          h.      Individual cases brought in court or through arbitration regarding Equal
19  Credit Opportunity Act claims;
20          i.      The approximate number of customers with whom Defendant has cancelled
21  contracts;
22          j.      The Court denies without prejudice Plaintiffs' proposal No. 8 in the parties'
23  joint statement regarding discovery (Doc. No. 29 at 9, ¶8);
24          k.      Plaintiffs' proposal No. 9 in the parties' joint statement regarding
25  discovery
26  (Doc. No. 29 at 9, ¶9) relating to the two specifically identified arbitrators in the agreement, NAF and
27  AAA; and
28          l.      Plaintiffs may not take any depositions absent prior approval of the Court.

2. Defendant may serve written discovery on Plaintiffs that is narrowly tailored to the issue of unconscionability.

3. All of the discovery outlined above is to be completed on or before **November 21, 2011**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  The Court expects counsel to make every effort to resolve all disputes without court intervention.  The parties are to consult and follow Judge Skomal's Chambers' Rules regarding discovery disputes.

Following completion of discovery, Plaintiffs' amended response in opposition to the motion to compel arbitration is to be filed no later than **December 5, 2011**.  Defendant's reply is due no later than **December 12, 2011**.  A hearing on Defendant's motion to compel arbitration shall be held on **December 23, 2011** at **11:00 a.m.** before Judge Moskowitz.  Per Judge Moskowitz's Chambers' Rules, there will be **no oral argument** unless ordered by the Court.

**IT IS SO ORDERED**.

DATED: August 23, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge